IN THE UNITED STATES DISTRICT COUT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Massel, *individually and on* | ) | Case No. |
| *Behalf of all others similarly situated,* | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Foris Dax, Inc. d/b/a Crypto.com | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Michael Massel ("Plaintiff"), on behalf of himself and all other similarly situated, through Counsel, and pursuant to 735 ILCS §§ 5/2-801 and 2-802, and Fed. R. Civ. P. 23, against Defendant, Foris Dax, Inc. ("Crypto.com" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Defendant, Foris Dax, Inc. is a Delaware corporation which operates as an online, "app-based" platform wherein individuals can trade "crypto-currencies", crypto-currency derivatives, and other virtual commodities.

2.      Plaintiff, Michael Massel, opened a Crypto.com account on or around June 22, 2021.

3. As part of signing up, and/or gaining access to his Crypto.com account, Plaintiff was required to upload a picture of (1) a valid state-issued identification; and (2) a real time portrait of Plaintiff's face, i.e. a "selfie."



4. Crypto.com then scans the "selfie" photograph, creates a biometric template of the user's face, and compares the user's facial biometrics to the photograph on the identification document to confirm whether they match.

5. Crypto.com collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data to, amongst other things, further enhance Crypto.com and its online "app-based" platform.

6. Crytpo.com wrongfully profits from the facial scans it has collected or otherwise obtained from its users.

7. Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Crytpo.com's unlawful

collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Crypto.com's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Crypto.com users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8.      The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co*., 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.      Courts analogize an individual's privacy interest in her unique biometric data to her interest in protecting her private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g en banc, (June 30, 2020) and opinion amended on denial of reh'g en banc, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.      In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, inter alia, that a private entity like Crypto.com may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written

release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." Id.

12.     Specifically, upon information and belief, Crypto.com has created, collected, and stored millions of "face templates" – highly detailed geometric maps of the face – from countless Illinois residents whose selfies and state-issued ID's were collected by Crypto.com. Each face template that Crypto.com extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies one, and only one, person.

13.     Crypto.com is a "private entity" as that term is broadly defined by BIPA and Crypto.com is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

14.     This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 et seq.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

15.     Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

16. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Crypto.com is a foreign resident and the amount in controversy exceeds $75,000.

17. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

18. At all relevant times, Plaintiff is a resident of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff was located in Illinois.

19. At all relevant times, Crypto.com is incorporated under the laws and jurisdiction of Delaware, and Crypto.com's principal place of business is located at Suite 2725, Sabadell Financial Center Building, 1111 Brickell Avenue, Miami, FL 33131. *See Heinen v. Northrop Grumman*, 671 F.3d 669, 670 (7th Cir. 2012); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

20. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

21. Plaintiff opened a Crypto.com account on or around June 22, 2021.

22. As part of signing up, and/or gaining access to his Crypto.com account, Plaintiff was required to upload a picture of (1) a valid state-issued identification; and (2) a real time portrait of Plaintiff's face, i.e. a "selfie."



23.     Crypto.com then scanned Plaintiff's "selfie" photograph, creating a biometric template of the Plaintiffs face and biometric identifiers, and compared the Plaintiff's biometric identifiers to the photograph on his state issued identification document to confirm whether they match.

24.     In other words, Crypto.com collected and retained biometric information for the purpose of verifying Plaintiff's identity prior to opening a Crypto.com account in Plaintiff's name.

25.     At the time of collecting and retaining Plaintiff's biometric information, Crypto.com had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Crypto.com, whichever occurs first. (*See* Cypto.com "U.S. Privacy Policy" attached hereto as Exhibit "A").

26. Ostensibly, the purpose Crypto.com's collection of Plaintiff's biometric information was to verify Plaintiff's identity prior to opening a Crypto.com account in Plaintiff's name.

27. As such, Plaintiff's biometric information should have been permanently destroyed by Crypto.com following the opening of Plaintiff's Crypto.com account.

28. However, Crypto.com failed to permanently destroy Plaintiff's biometric information following the opening of Plaintiff's Crypto.com account and instead retained Plaintiff's biometric information.

29. As such, Crypto.com's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

30. Crypto.com did not inform Plaintiff in writing Crypto.com was collecting or storing his biometric information.

31. Instead, Crypto.com simply instructed Plaintiff to upload his state issued identification form and "selfie" as part of the overall account opening process.

32. In fact, Crypto.com made no mention of biometric information, collection of biometric information, or storage of biometric information.

33. Moreover, Crypto.com did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information as being collected, stored, and used.

34. Crypto.com collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Crypto.com to do the same.

35. Crypto.com has sold, leased, traded, or otherwise profited from Plaintiff's biometric identifier or biometric information. 740 ILCS § 14/15(c).

36.     Crypto.com would not have opened an account in Plaintiff's name had Plaintiff not submitted his state issued identification, submitted his "selfie", allowed Crypto.com to collect his biometric information, and allowed Crypto.com to store or otherwise retain the same.

37.     Plaintiff was never offered any other means of verifying his identity in order to open a Crypto.com account.

38.     As such, any and all revenue or profits which Crypto.com obtained as a result of Plaintiff's patronage of Crypto.com was predicated upon Plaintiff providing Crypto.com with his biometric information and Crypto.com's storage or retention of the same.

39.     Additionally, Crypto.com disclose, redisclosed, or otherwise disseminated a Plaintiff's information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

40.     In fact, Crypto.com admittedly shared Plaintiff's biometric information with Crypto.com's "subcontractors." (*See* Ex. A at p. 4).

41.     Crypto.com lists "biometric information, including a visual image of your face" as part of the definition of the Personal Information they collect and store from their users:

| Category of Personal Information | Specific Pieces of Personal Information |
| --- | --- |
| Identity Data | <ul><li>full name,</li><li>maiden name,</li><li>last name,</li><li>username or similar identifier,</li><li>title,</li><li>date of birth and gender,</li><li>biometric information, including a visual image of your face,</li><li>video and voice recordings,</li><li>national identity cards, passports, driving licenses or other forms of identification documents.</li></ul> |

42.     Crypto.com's Privacy Policy goes on to list other ways in which it uses its users'
Personal Informaiton, including biometric information:

- To provide Services
- When necessary for our legitimate interests (or those of a third party) and your interests and fundamental rights do not override those interests
- To comply with a legal obligation
- For business purposes and in accordance with this Privacy Policy
- When you use our Services, our authorized partners may collect categories of personal information about you and use this data for their own purposes. This activity may qualify as a sale under the California Consumer Privacy Act ("CCPA"). Under the CCPA, you can make choices to allow or prevent such uses.

43.     Crypto.com's Privacy Policy goes on to list multiple broad categories of third
parties to which it discloses users' personal information, including biometric information:

The categories of third parties with whom we may share your personal information for the purposes listed above include:

- Companies and organizations that assist us in processing, verifying or refunding transactions or orders
- Identity verification agencies
- Fraud or crime prevention agencies
- Anyone to whom we lawfully transfer or may transfer our rights and duties under the relevant terms and conditions governing the use of any of the Services
- Any third party because of any restructure, sale or acquisition of our group or any affiliates
- Regulatory and law enforcement authorities, where the law allows or requires us to do so

44.     Crypto.com's collection and retention of biometric information as described herein
is not unique to Plaintiff and is instead part Crypto.com's policy and procedures which Crypto.com
applies to all of its users, including the Class Members.

## RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

45.     Plaintiff realleges and incorporates by reference all allegations in all preceding
paragraphs.

46. Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

**All Illinois residents who had their biometric information collected by Crypto.com at any point in the five (5) years preceding the filing of this Complaint.**

47. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

48. **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

49. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Crypto.com possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Crypto.com, whichever occurs first.

b. Whether Crypto.com collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifier or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff

and the Class Members in writing of the specific purpose and length of term for which their biometric identifier or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c. Whether Crypto.com sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric identifier or biometric information.

d. Whether Crypto.com disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

e. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

50. **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had his biometric identifiers and biometric information collected, retained or otherwise possessed by Crypto.com without Crypto.com's adherence to the requirements of BIPA as detailed herein.

51. **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

52. **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Crypto.com acted or refused to act on

grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

53. **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Crypto.com's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Crypto.com's practices.

54. Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

### COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

57.    Crypto.com scanned Plaintiff's and the Class Members' "selfie" photographs, creating a biometric template of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

58.    At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, Crypto.com had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Crypto.com, whichever occurs first. (*See* Crypto.com "U.S. Privacy Policy" attached hereto as Exhibit "A").

59.    Ostensibly, the purpose Crypto.com's collection of Plaintiff's and the Class Members' biometric information was to verify Plaintiff's identity prior to opening a Crypto.com account in Plaintiff's name.

60.    As such, Plaintiff's and the Class Members' biometric information should have been permanently destroyed by Crypto.com following the opening of Plaintiff's Crypto.com account.

61.    However, Crypto.com failed to permanently destroy Plaintiff's and the Class Members' biometric identifiers and biometric information following the opening of Plaintiff's and the Class Members' Crypto.com accounts and instead retained Plaintiff's and the Class Members' biometric information.

62.     As such, Crypto.com's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

### COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

65.     Crypto.com did not inform Plaintiff and the Class Members in writing that Crypto.com was collecting or storing his biometric information.

66.     Instead, Crypto.com simply instructed Plaintiff and the Class Members to upload their state issued identification forms and "selfies" as part of the overall account opening process.

67.     In fact, Crypto.com made no mention of biometric information, collection of biometric information, or storage of biometric information.

68.     Moreover, Crypto.com did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which his biometric information as being collected, stored, and used.

69. Crypto.com collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Crypto.com to do the same.

70. As such, Crypto.com's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(c)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information. 740 ILCS § 14/15(c).

73. Crypto.com has sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric information. 740 ILCS § 14/15(c).

74. Crypto.com would not have opened an account in Plaintiff's or the Class Members' names had Plaintiff and the Class Members not submitted their state issued identifications, submitted their "selfies", allowed Crypto.com to collect their biometric information, and allowed Crypto.com to store or otherwise retain the same.

75. Plaintiff and the Class Members were never offered any other means of verifying their identities in order to open Crypto.com accounts.

76. As such, any and all revenue or profits which Crypto.com obtained as a result of Plaintiff's and Class Members' patronage of Crypto.com was predicated upon Plaintiff and the Class Members providing Crypto.com with their biometric information and Crypto.com's storage or retention of the same.

77.     While discovery will ascertain all of the ways in which Crypto.com has used Plaintiff's and the Class Members' biometric information, Crypto.com's Privacy Policy expressly contemplates selling such information to third parties.

  ● To provide Services
  ● When necessary for our legitimate interests (or those of a third party) and your interests and fundamental rights do not override those interests
  ● To comply with a legal obligation
  ● For business purposes and in accordance with this Privacy Policy
  ● When you use our Services, our authorized partners may collect categories of personal information about you and use this data for their own purposes. This activity may qualify as a sale under the California Consumer Privacy Act ("CCPA"). Under the CCPA, you can make choices to allow or prevent such uses.

78.     Crypto.com's selling of, leasing of, trading of, or otherwise profitng from Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT FOUR: VIOLATION OF 740 ILCS § 14/15(d)

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

81.     While discovery will ascertain all of the ways in which Crypto.com disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Crypto.com's Privacy Policy goes on to list multiple broad categories of third parties to which it discloses users' personal information, including biometric information:

> The categories of third parties with whom we may share your personal information for the purposes listed above include:
>
> ● Companies and organizations that assist us in processing, verifying or refunding transactions or orders
> ● Identity verification agencies
> ● Fraud or crime prevention agencies
> ● Anyone to whom we lawfully transfer or may transfer our rights and duties under the relevant terms and conditions governing the use of any of the Services
> ● Any third party because of any restructure, sale or acquisition of our group or any affiliates
> ● Regulatory and law enforcement authorities, where the law allows or requires us to do so

82.     Crypto.com's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Crypto.com has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Crypto.com's violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the

premises.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.


Dated: March 10, 2023                          Respectfully submitted,


                                               s/ *Michael L. Fradin*
                                               Michael L. Fradin, Esq.
                                               8 N. Court St. Suite 403
                                               Athens, Ohio 45701
                                               Telephone: 847-986-5889
                                               Facsimile: 847-673-1228
                                               Email: mike@fradinlaw.com

                                               By: /s/ *James L. Simon*
                                               James L. Simon (pro hac vice forthcoming)
                                               Simon Law Co.
                                               5000 Rockside Road
                                               Liberty Plaza – Suite 520
                                               Independence, OH 44131
                                               Telephone: (216) 816-8696
                                               Email: james@simonsayspay.com